JOHN A. FISCHER & another *vs.* AARON A. MORSE & another.

In replevin of goods, to which the defendant pleads title as assignee in insolvency of one now deceased, the plaintiff is not a competent witness, under *St.* 1857, *c.* 305, to prove that the goods were fraudulently obtained from him by the deceased.

REPLEVIN of goods. The answer denied the plaintiffs' property, and the unlawful taking or detaining; and set up title in the defendants as assignees in insolvency of Samuel Allen.

At the trial in the court of common pleas, the plaintiffs contended, and offered to prove by the testimony of one of them, " that the goods in question were the property of the plaintiffs, and were delivered by them to Allen before the date of the proceedings of insolvency, under a contract of sale made by them with him, which was procured by certain false and fraudulent representations made by Allen to the plaintiffs, touching his own solvency and pecuniary condition, which sale, they contended, was thereby rendered void or voidable, and that they, having the right so to do, replevied these goods from the assignees, for the pnrpose of rescinding the contract of sale so made with the insolvent." The defendants objected " that the said plaintiff was incompetent to testify, on the ground of the decease of Allen." *Perkins*, J. so ruled, the jury returned a verdict for the defendants, and the plaintiffs alleged exceptions.

*J. A. Andrew & W. Lovering*, for the plaintiffs. The plaintiff was a competent witness under the *St.* of 1857, *c.* 305, § 1. The proviso excluding the adverse party, " where one of the original parties to the contract or cause of action in issue and on trial is dead," does not apply to this case, in which the " issue " on trial was the tortious taking and detaining of the goods by the defendants, to which the deceased was no party. The " contract or cause of action in issue " is as if it had said " the contract or other matter sued upon." The object was to exclude only when a party to the record or to the contract declared on was dead. The contract made by the plaintiffs with Allen was a mere incident in the case, not the substance, or the

issue. If the defendants' construction prevails, any remote circumstance of the case, occurring between parties not on the record, may defeat the plaintiffs' claim.

*E. Wilkinson,* for the defendants.

THOMAS, J. The real matter in issue and on trial was the validity of the sale from the plaintiffs to Allen, the insolvent. It was upon this matter, that one of the plaintiffs was offered as a witness. The other party to that contract of sale was dead. The taking that was on trial was the taking by Allen under the contract of sale. The witness was clearly within the reason and purpose of the limitation of the statute, if not within the letter.

*Exceptions overruled.*